# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| AX WIRELESS LLC, | |
| *Plaintiff*, | Case No. 2:22-cv-277-JRG-RSP |
| v. | JURY TRIAL DEMANDED |
| DELL INC. and DELL TECHNOLOGIES INC. | |
| *Defendants*. | |

## DELL INC. AND DELL TECHNOLOGIES INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR IMPROPER VENUE

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...........................................................................................................1

II. STATEMENT OF ISSUES ............................................................................................1

III. PROCEDURAL HISTORY AND FACTUAL BACKGROUND ...................................1

IV. LEGAL STANDARD......................................................................................................2

V. ARGUMENT ...................................................................................................................3

    A. Dell Does Not Reside in This District ................................................................. 3

    B. AX Wireless Cannot Show That Dell Has a Regular and Established Place of Business in This District ................................................................................ 3

        1. Dell Sold the West Plano Parkway Location in 2016................................ 3

        2. The North Greenville Avenue Location and the Alma Road Location Are Located in the Northern District of Texas ................................................... 5

    C. Dell's Alleged Authorized Sellers and Sales Representatives Do Not Support Venue in This District ........................................................................... 5

VI. CONCLUSION................................................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*,
  6 F.4th 1283 (Fed. Cir. 2021) ............................................................................................... 2

*AptusTech LLC v. Trimfoot Co.*,
  No. 4:19-cv-00133-ALM, 2020 WL 1190070 (E.D. Tex. Mar. 12, 2020) ............................... 6

*C.R. Bard Inc. v. AngioDynamics, Inc.*,
  No. 2:12-cv-00035-RJS-DAO, 2020 WL 6710423 (D. Utah Nov. 16, 2020) ......................... 5

*EMED Techs. Corp. v. Repro-Med Sys., Inc.*,
  No. 2:17-cv-728-WCB-RSP, 2018 WL 2544564 (E.D. Tex. June 4, 2018) ........................... 6

*In re Cray Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017) ...................................................................................... 2, 4, 5

*In re ZTE (USA) Inc.*,
  890 F.3d 1008 (Fed. Cir. 2018) ............................................................................................. 3

*Int'l Techs. & Sys. Corp. v. Samsung Elecs. Co.*,
  No. SA CV 17-1748-DOC (JDEx), 2018 WL 4963129 (C.D. Cal. June 22, 2018) ............ 5, 6

*Pers. Audio, LLC v. Google, Inc.*,
  280 F. Supp. 3d 922 (E.D. Tex. 2017) ................................................................................ 3, 4

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
  137 S. Ct. 1514 (2017) ........................................................................................................ 2, 3

**Statutes**

28 U.S.C. § 1400(b) ................................................................................................................... 2

28 U.S.C. § 1406(a) ................................................................................................................... 3

I. **INTRODUCTION**

Venue as alleged in the Complaint is not proper in this District for Defendants Dell Inc. and Dell Technologies Inc. (collectively, "Dell") and therefore this case should be dismissed. Dell does not reside in this District, nor does it have a "regular and established place of business" here (either when AX Wireless filed its complaint or thereafter). AX Wireless bases its venue allegations on incorrect information and a misunderstanding of the requirements to show proper venue in a patent infringement lawsuit. Notably, the foundation for AX Wireless's venue assertions rests on the erroneous assumption that Dell has a regular and established place of business at certain addresses in Richardson, Texas and Plano, Texas. Although Dell at one time owned and operated the building in Plano, Texas, Dell sold that campus in 2016. Further, the two addresses in Richardson, Texas are *not* located in this District – they are in the Northern District of Texas. What's more, the North Greenville Avenue location closed more than a year before AX Wireless filed this action. Dell does not reside or have a regular and established place of business in this District, and it has not committed acts of infringement in this District. Accordingly, *TC Heartland LLC v. Kraft Foods Group Brands LLC* compels dismissal, and Dell respectfully requests that this Court dismiss all claims in Plaintiff's Complaint for improper venue.

II. **STATEMENT OF ISSUES**

Pursuant to Local Rule 7(a)(1), Dell identifies the following issue presented in its Rule 12(b)(3) motion:

> 1. Whether this action should be dismissed under Fed. R. Civ. P. 12(b)(3) for improper venue as to Dell in this District.

III. **PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

AX Wireless filed its patent infringement lawsuit against Dell on July 22, 2022. *See* Dkt. 1, Case No. 2:22-cv-277-JRG-RSP ("Complaint"). AX Wireless contends that Dell infringes four

related patents – U.S. Patent Nos. 9,973,361, 10,079,707, 10,917,272, and 11,212,146 – that are allegedly directed to wireless OFDM (orthogonal frequency division multiplexing) networks and systems.  *See* Complaint at ¶¶ 26, 31, 34-37.  Plaintiff's Complaint asserts that venue is proper in the Eastern District of Texas because Dell has a "regular and established place of business in this District." *Id.* at ¶ 12.  In support of this contention, AX Wireless contends that Dell "has offices and facilities" at: (1) 1500 North Greenville Avenue, Richardson, Texas 75081, (2) 1125 Alma Road, Suite 160, Richardson, Texas 75081, and (3) 2300 West Plano Parkway, Plano, Texas 75075.  *Id.*

### IV.     LEGAL STANDARD

In patent cases, venue is proper only "[1] in the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017).  When applied to domestic corporations, the first prong of section § 1400(b) "refers only to the State of incorporation." *TC Heartland*, 137 S. Ct. at 1521; *Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283, 1287 (Fed. Cir. 2021).  The second prong of Section § 1400(b) requires a plaintiff to show that the alleged infringer committed acts of infringement *and* maintains a regular and established place of business in the district.  *Andra Grp*, 6 F.4th at 1287.  To demonstrate the latter, "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).  All three factors must be met to establish venue in a specific district. *Id*.

Once a defendant challenges the propriety of venue, the burden shifts to plaintiff to prove whether venue is appropriate.  *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).  If venue is improper under § 1400(b), the Court "shall dismiss, or if it be in the interest of justice,

transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Venue is assessed as of the time the Complaint is filed. *Pers. Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 931 (E.D. Tex. 2017).

## V.     ARGUMENT

### A.     Dell Does Not Reside in This District

A domestic corporation defendant, like Dell, "resides" only in its state of incorporation. *TC Hartland*, 137 S. Ct. at 1521 (2017). Both now and at the time of this lawsuit's filing, Dell is and was incorporated in Delaware, as the Complaint admits. *See* Complaint at ¶ 2. Accordingly, Dell's residence does not provide a basis for venue in this District.

### B.     AX Wireless Cannot Show That Dell Has a Regular and Established Place of Business in This District

AX Wireless's venue assertions hinge on Dell having a regular and established place of business in this District. Dell does not, and AX Wireless cannot provide a contrary showing. To determine whether a defendant has a "regular and established place of business" for venue purposes: "(1) there must be a physical place in this district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray*, 871 F.3d at 1360. AX Wireless cannot satisfy this test against Dell.

#### 1.     Dell Sold the West Plano Parkway Location in 2016

In its Complaint, AX Wireless contends that Dell maintains an office at 2300 West Plano Parkway, Plano, Texas 75075. Complaint at ¶ 12. However, Dell divested this location from its property portfolio as part of the acquisition of Dell Services by NTT Data, Inc. effective November 2, 2016. Exhibit A ("Dell Decl.") ¶ 5.[1]

---

[1] Similarly, the Dell location at 1500 North Greenville Avenue, Richardson, Texas 75081 cannot serve as a basis for venue in the present case because it months before AX Wireless filed its Complaint. Dell does not conduct any services, operations, or activities at the North Greenville

{A72/07395/0035/W1798003.6 }

3

The West Plano Parkway location cannot serve as the basis for venue in the present case. In fact, the circumstances concerning this property are analogous to the facts considered in *Pers. Audio.* In that case, the plaintiff argued that venue was proper in the Eastern District because, among other things, the defendant allegedly maintained office space in Frisco, Texas. *Pers. Audio*, 280 F. Supp. 3d at 932. Although the defendant had previously utilized the office space in question for a time, the defendant ceased using that space to conduct its operations almost two years before the plaintiff filed suit. *Id.* In assessing venue, the court concluded that "venue is determined under § 1400(b) by the facts and situation as of the date suit is filed." *Id.* at 931. And because the plaintiff failed to carry its burden of proving that defendant had a "regular and established place of business" in this district at the time the complaint was filed, the court rejected plaintiff's allegations to the contrary and found venue improper.

In view of the court's holding in *Pers. Audio*, the alleged location on West Plano Parkway cannot serve as a basis for venue in this case. It has been years since Dell operated an office or facility at that location. *See* Dell Decl. ¶ 5. As a result, the West Plano Parkway location does not establish proper venue with respect to Dell in this District. *See, e.g., C.R. Bard Inc. v. AngioDynamics, Inc.*, No. 2:12-cv-00035-RJS-DAO, 2020 WL 6710423, at *8 (D. Utah Nov. 16, 2020) (holding that "venue must be established based on the facts existing at the time the case is filed"); *Int'l Techs. & Sys. Corp. v. Samsung Elecs. Co.*, No. SA CV 17-1748-DOC (JDEx), 2018 WL 4963129, at *6 (C.D. Cal. June 22, 2018) (analyzing the facts and circumstances that existed at the time the Complaint was filed when determining whether venue was proper).

---

Avenue location, and has not since Dell vacated the property in December 2021. *See* Dell Decl. ¶ 6; Exhibit B ("Collins Decl.") ¶ 5.

### 2. The North Greenville Avenue Location and the Alma Road Location Are Located in the Northern District of Texas

The alleged locations on North Greenville Avenue and at 1125 Alma Road do not establish proper venue for Dell in this District. Both locations are located in Dallas County, which is within the boundaries of the Northern District of Texas. *See* Dell Decl. ¶¶ 7-8; Collins Decl. ¶¶ 2-5. AX Wireless's venue allegations cannot stand because none of the alleged Dell locations are located within this District. *See In re Cray*, 871 F.3d at 1360.

### C. Dell's Alleged Authorized Sellers and Sales Representatives Do Not Support Venue in This District

In its Complaint, AX Wireless appears to imply that vaguely described "authorized sellers and sales representatives" located in McKinney, Texas, Longview, Texas, and Marshall, Texas are sufficient to establish venue against Dell in this District. *See generally* Complaint at ¶ 9. The Court's previous decisions regarding the "of the defendant" prong of the patent venue statute confirm, however, that none of these alleged locations can serve as the basis for venue in this case. *See, e.g., AptusTech LLC v. Trimfoot Co.*, No. 4:19-cv-00133-ALM, 2020 WL 1190070, at *5 (E.D. Tex. Mar. 12, 2020) (refusing to find the location of a distributor sufficient to establish venue over a defendant); *EMED Techs. Corp. v. Repro-Med Sys., Inc.*, No. 2:17-cv-728-WCB-RSP, 2018 WL 2544564 (E.D. Tex. June 4, 2018) (refusing to find the location of a distributor sufficient to establish venue over a defendant); *Int'l Techs. & Sys. Corp.*, 2018 WL 4963129 (finding that the plaintiff failed to carry its burden to show that "Samsung Experience Stores" located inside Best Buy stores are places "of the defendant" under the patent venue statute). Similar to the decisions in *AptusTech, EMED,* and *Int'l Techs.* refusing to impute the place of another on the defendant, the alleged Best Buy, Costco, Target, and Wal-Mart stores are not the place "of Dell" and do not establish venue.

## VI.   CONCLUSION

Because each of AX Wireless's proposed basis for venue are insufficient to support a finding that Dell maintains a regular and established place of business in this District, the Court should dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(3).

October 3, 2022

Respectfully submitted,

By: */s/ Shaun W. Hassett*
Michael E. Jones (SBN: 10929400)
mikejones@potterminton.com
Shaun W. Hassett (SBN: 24074372)
shaunhassett@potterminton.com
**POTTER MINTON**
110 North College
500 Plaza Tower
Tyler, Texas 75702
Telephone:  903.597.8311
Facsimile:  903.593.0846

*Attorneys for Defendants Dell Inc. and Dell Technologies Inc.*