# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| AX WIRELESS LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Case No. 2:22-cv-00277-JRG-RSP |
| v. | § | (LEAD CASE) |
| | § | |
| DELL INC., ET AL, | § | |
| | § | |
| *Defendant*. | § | |

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

    (e)    any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    (f)    any settlement agreements relevant to the subject matter of this action; and

    (g)    any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.** A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

    (a)    if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

    (b)    for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.** Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

    (a)    provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

        i.    If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each

                    asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

          ii.    If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b)    produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c)    provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

4. **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

5. **Discovery Limitations.** The discovery in this case is limited to the disclosures described in Paragraphs 1-3 together with:

   - Interrogatories. Each of AX Wireless and the Defendant Group[2] shall be permitted to serve 15 common interrogatories ("Common Rogs") on each other; each Side[3] shall be permitted to serve 10 interrogatories ("Individual Rogs") on the other Side.

   - Requests for Admission. Each Side is permitted to serve 20 requests for admission on each other side. Each Side is permitted an unlimited number of requests for admission for authentication of documents. Prior to serving requests for admission relating to authenticity, the parties agree to meet and confer telephonically to determine whether agreement may be reached before serving such requests.

   - Party Depositions Pursuant to 30(b)(6) and 30(b)(1). Plaintiff may take up to fifty (50) hours of 30(b)(6) and 30(b)(1) depositions of each Defendant. The Defendant Group may jointly take up to sixty (60) hours of 30(b)(6) and 30(b)(1) depositions of Plaintiff. For each 30(b)(6) or 30(b)(1) deponent offered by Plaintiff, Defendants may jointly take five (5) hours of deposition testimony of each deponent, with an additional two (2) hours per deponent per Defendant. No more than seven (7) hours of fact deposition may be taken of one person in one day without the consent of the deponent. A 30(b)(1) deposition of a current employee of a party constitutes a deposition of that party.

---

[2] "Defendant Group" means Dell Inc., Dell Technologies Inc. and HP, Inc. together.
[3] "Side" means a party or a group of parties with a common interest: AX Wireless LLC being a Side; Dell Inc. and Dell Technologies Inc. together being a Side; and HP, Inc. being a Side.

- <u>Non-party Depositions</u>. Each of Plaintiff and the Defendant Group may take up to eighty (80) hours of non-party depositions.

- <u>Expert Witnesses</u>. Each Side is permitted 3 expert witnesses. Each expert may be deposed for up to seven (7) hours per expert report (per the counting restrictions set forth below). But to the extent an expert submits a single report addressing invalidity/validity, damages or infringement/non-infringement on behalf of or against multiple Defendants, those will be considered separate reports for each Defendant for purposes of determining the number of deposition hours to which Plaintiff or a Defendant is entitled.

    a. An expert report on the issue of infringement, invalidity or damages shall be regarded as a separate report on each issue even if combined into one physical report.

    b. The opening expert report constituting the Rule 26(2) Disclosure and all rebuttal reports or supplemental reports on the same topic shall constitute a single report, unless such supplemental report is served after the taking of the expert's deposition, in which case the parties will meet and confer to negotiate a limited additional deposition of such expert.

    c. A single expert declaration, provided apart form an expert report, includes any rebuttal or supplemental declaration on the same topic, as for example in support of claim construction briefing. If such declaration, rebuttal declaration, or supplemental declaration is provided after the expert's deposition, the parties will meet and confer to negotiate whether a limited additional deposition of such expert is necessary.

- Time Limits on Depositions: Unless expressly agreed to herein by the affected parties, each deposition, including 30(b)(6) depositions of a arty, shall be limited to 7 hours.

- Additional Parties: If additional parties are added to the related cases, the limits agreed to herein shall continue to apply to the original parties only.

- Miscellaneous: Any party may later move to modify these limitations for good cause. These limits shall not apply to venue discovery.

6. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order;

6

otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

    (a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

    (b) An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

7

    (c)    Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

    (d)    Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

    (e)    Any change to a party's lead attorney designation must be accomplished by motion and order.

    (f)    Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

**10.** **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

**11.** **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

**12. Proposed Stipulations by the Parties Regarding Discovery.**

(a) Pursuant to FRCP 26(b)(4), the parties agree that any communications, drafts of expert reports, documents, notes, outlines, and any other writings and discovery exchanged with experts will be deemed privileged and non-discoverable. In addition, all communications with and all materials generated by an expert with respect to his or her work on this action are exempt from discovery unless relied upon by the expert in forming his or her opinions.

(b) The parties agree that the protections of FRCP 26(b)(4)(B) and (C) will apply equally to expert declarations prepared during the course of this litigation as they do to expert reports, including both drafts of declarations prepared during the course of this litigation and communications related to such declarations.

(c) A party who serves a subpoena in this matter on a third party shall provide a copy to all other parties, subject to confidentiality obligations and any protective order entered in this litigation. A party who receives documents from a third party pursuant to a subpoena will reproduce those documents to the other party as soon as practicable and at most, no later than three (3) business days after receiving the documents. Where reproduction of documents within three (3) business days is not possible, the party who received the documents will provide prompt notice to the other party and will work in good faith to resolve the issue on a case-by-case basis.

(d) The parties will negotiate an ESI order. All discovery requests and discovery responses and objections shall be served via electronic mail in accordance with the parties' negotiated ESI order.

(e) The parties agree to accept service by email to all counsel of record for the party to be served, including via FTP.

  (f) Before scheduling any third-party deposition, a party shall confer with all other parties in a good faith effort to schedule a date and time for such deposition that is reasonably convenient to all parties who intend to attend such deposition, but in no event shall the availability of a party or its counsel take precedent over the convenience of the third-party witness.

13. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's websiteat http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

 **SIGNED this 10th day of December, 2022.**

_____<br>
ROY S. PAYNE<br>
UNITED STATES MAGISTRATE JUDGE