# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| AX WIRELESS LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>DELL INC. AND DELL TECHOLOGIES INC.<br><br>*Defendants.* | CASE NO. 2:22-cv-277-RWS-RSP<br><br>**JURY TRIAL DEMANDED** |

## DELL'S MOTION TO COMPEL EXPERT DISCLOSURE

### I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 37, Defendants Dell Inc. and Dell Technologies Inc. ("Dell") respectfully move to compel Plaintiff AX Wireless LLC ("Plaintiff" or "AX Wireless") to provide a written expert report for Mr. Marcos Tzannes ("Mr. Tzannes") in compliance with Rule 26(a)(2)(B) or, alternatively, a Rule 26(a)(2)(C) disclosure that provides the required fair notice of the opinions and underlying facts on which Mr. Tzannes may testify. Dell further requests a deposition of Mr. Tzannes on the report or supplemented disclosures.

Mr. Tzannes is a named inventor on the asserted patents  On November 16, 2023, Plaintiff disclosed that at trial Mr. Tzannes would be ***both*** (1) a fact witness and (2) an expert designated under Rule 26(a)(2)(C). Dell deposed Mr. Tzannes on December 11, 2023.

This motion became necessary when Plaintiff declined to confirm that it would have Mr. Tzannes submit an expert report or provide the detail about his anticipated expert testimony that Rule 26 requires. Plaintiff's disclosure of Mr. Tzannes' proposed expert testimony (Ex. A)[1] is plainly deficient because it simply lists broad and vague topic areas on which he might testify without providing Dell fair notice of the specific opinions, underlying facts, and bases that he will be asked to provide to the jury. Rule 26 requires more. Nor is the fact deposition of Mr. Tzannes a fair and adequate substitute for the affirmative disclosure obligation that Rule 26 imposes on

---

[1] Exhibits A and B have been excerpted to remove portions of the signature block and the Certificate of Service.

Plaintiff.

Dell thus respectfully asks the Court to compel Plaintiff and Mr. Tzannes to provide a written expert report in compliance with Rule 26(a)(2)(B), or, in the alternative, to provide a compliant Rule 26(a)(2)(C) disclosure. In either event, Dell also requests that Mr. Tzannes be made available for deposition during the expert discovery period scheduled for this case.[2] Without either a written expert report or a compliant disclosure, Mr. Tzannes should be precluded from providing expert testimony at trial.

## II.     ARGUMENT

### A.    The Court Should Compel Plaintiff to Provide a Sufficient Rule 26(a)(2) Expert Disclosure for Mr. Tzannes

Mr. Tzannes' disclosure spans a mere 1 ½ pages and yet it identifies him as an expert on complex topics running the gamut from development of the inventions that led to the Asserted Patents to core concepts related to invalidity. Ex. A. For instance, among other things, Mr. Tzannes intends to provide opinions on: "[t]he novel and nonobvious features of the Asserted Patents over the prior art"; "[t]he written description support for the claimed inventions"; and "the asserted claims of the Asserted Patents [being] valid over the prior art." *Id.* Nowhere, however, does Mr. Tzannes' disclosure describe the specific opinions or the bases for them thereby providing Dell fair notice. Plaintiff has designated other experts, who are providing reports, on topics including validity. Those experts will seemingly speak on the same topics for which Mr.

---

[2] Further belying Plaintiff's position is that Plaintiff objected to a nearly identical disclosure from Mr. Duncan Kitchin, whom Dell designated as an expert under Rule 26(a)(2)(C). Ex. B. Unlike Plaintiff, however, Dell offered Mr. Kitchin for a deposition during fact discovery, will be providing an expert report for Mr. Kitchin under Rule 26(a)(2)(B), and will make Mr. Kitchin available for another deposition in his expert capacity.

2

Tzannes has been designated, suggesting the meager attempt at disclosure is merely trial by surprise.

There are two primary issues with Mr. Tzannes' disclosure. First, Rule 26(a)(2)(C)'s requirements are not met: only broad areas Mr. Tzannes might testify about are disclosed, not the facts and opinions on which he will testify. Second, Mr. Tzannes does not fall within Rule 26(a)(2)(C) and should provide an expert report, not a limited disclosure. Mr. Tzannes should not be permitted to provide expert testimony at trial without an expert report or a compliant disclosure.

### 1. Mr. Tzannes' Rule 26(a)(2)(C) Disclosure is Deficient

Plaintiff's disclosures (excerpted below) are similar to disclosures this District has found lacking under Rule 26(a)(2)(C) for a non-retained expert in a patent case. *See, e.g., Mobility Workx, LLC v. Cellco P'ship*, Case No. 4:17-cv-00872, 2019 WL 5721814, at *10-12 (E.D. Tex. Nov. 5, 2019) (holding "[e]ach disclosure surrounding Dr. Helal is conclusory, unsupported by facts or opinions, and requires Verizon to make assumptions about what exactly Dr. Helal will testify to."). Plaintiff's disclosure only provides broad areas of testimony that do not disclose specific facts or opinions he will offer:

Mr. Tzannes may provide testimony at trial regarding the following:

…

2. The work leading to the inventions of the Asserted Patents.

3. The problems the inventors were trying to solve and hurdles faced by the inventors;

…

5. The novel and nonobvious features of the Asserted Patents over the prior art.

6. The written description support for the claimed inventions.

7. His opinion that the 802.11ax standard practices the claims of the Asserted Patents.

3

>    8.  His opinion that the asserted claims of the Asserted Patents are valid over the prior art and because they are sufficiently supported and enabled by their written description.

(Ex. A). This disclosure in no way provides a meaningful summary of the facts and opinions to which Mr. Tzannes may speak toward and offers no actual facts or opinions, thereby forcing Dell to make assumptions as to the scope of Mr. Tzannes testimony. *Mobility Workx,* 2019 WL 5721814, at *12; *accord Motio, Inc. v. BSP Software LLC, et al.*, No. 4:12-cv-647, 2016 WL 74425, at *4 (E.D. Tex. Jan. 6, 2016). Mr. Tzannes' disclosure could be easily remedied through an abstract, abridgement, or compendium of the opinion and supporting facts. *Compare, e.g., Stone Coat of Texas LLC v. ProCal Stone Design LLC*, No. 4:17-cv-303, 2019 WL 9899919, at *7-9 (E.D. Tex. June 28, 2019) (deciding to not strike an expert disclosure because the summary contains "more than topic statements.").

Rather, Plaintiff's disclosure of broad categories of testimony, many of which could collectively cover the entirety of Plaintiff's infringement and validity cases, amounts to trial by surprise. For instance, that Mr. Tzannes may testify "that the 802.11ax standard practices the claims of the Asserted Patents" provides no notice of any fact or opinion on which Mr. Tzannes may testify. The 802.11ax standard is hundreds of pages long and Mr. Tzannes' disclosure does not provide any notice regarding what portions of the standard he will testify about much less any of the underlying facts.

Similarly, Mr. Tzannes purports to testify about "[t]he problems the inventors were trying to solve and hurdles faced by the inventors," "the benefits of the Asserted Patents," and the "differences and benefits of the 802.11ax Standard over, for example, prior 802.11 standards" without disclosing any of those "problems," "hurdles," "benefits," or "differences." Further, Mr.

4

Tzannes provides no notice or information regarding what "prior 802.11" standards he will offer testimony about.

Related problems follow many of the other topics. For instance, Mr. Tzannes purports to testify on subjects such as (1) "[t]he novel and nonobvious features of the Asserted Patents over the prior art," (2) "[t]he written description support for the claimed inventions," (3) "that the asserted claims of the Asserted Patents are valid over the prior art," and (4) "that the asserted claims of the Asserted Patents . . . are sufficiently supported and enabled by their written descriptions" without disclosing anything other than his summary conclusion. This topic-sentence-level disclosure by Mr. Tzannes is not enough. *See Meier v. UHS of Del., Inc.*, No. 4:15-cv-00615, 2020 WL 923952, at *8 (E.D. Tex. Feb. 26, 2020) ("As this Court has held on numerous occasions, '[w]hen a party fails to provide a meaningful summary of the facts and opinions forming the basis of a [non-retained expert's] testimony, the disclosure is insufficient.'" (internal quotations omitted).

Importantly, that Mr. Tzannes was deposed during the fact discovery period does not cure, excuse, or in any way justify the deficiencies in Mr. Tzannes' disclosure. "[R]eferral to depositions is not an adequate substitute for the summary required by Rule 26." *Meier*, 2020 WL 923952, at *8); *Motio*, 2016 WL 74425, at * 2.

### 2. Mr. Tzannes Should Provide a Written Report

"It is Plaintiff's burden to demonstrate that [its] experts are non-retained experts" and fall within the exception that Rule 26(a)(2)(C) provides. *Meier*, 2020 WL 923952, at *8. Plaintiff has not met this burden as there is no evidence in the record to support Plaintiff's contention that Mr. Tzannes is a non-retained expert and is thus exempt from providing an expert report under Rule 26(a)(2)(B). In fact, the record suggests otherwise. Non-retained experts "may not give opinions

5

based on information or facts outside of the witness' personal knowledge." *Albritton v. Acclarent, Inc.*, No. 3:16-cv-03340-M, 2020 WL 11627275, at *8-9 (N.D. Tex. Feb. 28, 2020). Yet, the nature of Mr. Tzannes' topics and his disclosure as an expert make clear that he intends to testify beyond facts within his personal knowledge. As such, Mr. Tzannes should be required to provide a compliant written report. *See DiSalvatore v. Foretravel, Inc.*, No. 9:14-cv-00150-KFG, 2016 WL 7742996, at *2 (E.D. Tex. May 20, 2016) ("The distinction between retained and non-retained experts should be interpreted in a common sense manner.").

### III.  CONCLUSION

Dell asks the Court to compel Plaintiff to provide a written report or a compliant expert disclosure for Mr. Tzannes, and make him available for deposition, in an effort to avoid issues at trial regarding the scope of his expert testimony on everything from background of the inventions of the Asserted Patents to a broad swath of invalidity-related issues. In part, Dell moves now in hopes of avoiding to later need to move to strike Mr. Tzannes' undisclosed expert testimony. Dell does not wish to deny Mr. Tzannes from testifying at trial, but Dell is entitled to know the full details of the expert testimony he will provide. Without this information, Dell is left to only guess about the full scope of Mr. Tzannes' opinions and will be unfairly surprised by expert testimony at trial. Absent a report or compliant disclosure, Mr. Tzannes should be precluded from testifying as an expert witness at trial.

February 12, 2024

Respectfully submitted,

By: /s/ *Shaun W. Hassett*
Michael E. Jones (SBN: 10929400)
Shaun W. Hassett (SBN: 24074372)
POTTER MINTON, P.C.
102 North College, Suite 900
Tyler, Texas 75702
Telephone: 903.597.8311
Facsimile: 903.593.0846
Email: mikejones@potterminton.com
Email: shaunhassett@potterminton.com

Sarah E. Piepmeier (SBN 227094)
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: (415) 344-7000
Facsimile: (415) 344-7050
Email: SPiepmeier@perkinscoie.com

Janice L. Ta (SBN 24075138)
Dakota Kanetzky (SBN 24116599)
PERKINS COIE LLP
405 Colorado Street, Suite 1700
Austin, Texas 78701
Telephone: (737) 256-6100
Facsimile: (737) 256-6300
Email: JTa@perkinscoie.com
Email: DKanetzky@perkinscoie.com

Jon R. Carter (*pro hac vice*)
PERKINS COIE LLP
1155 Avenue of the Americas
22nd Floor
New York, NY 10036-2711
Tel: (212) 262-6900
Fax: (212) 977-1649
Email: JCarter@perkinscoie.com

Matthew W. Hindman (SBN 247707)
PERKINS COIE LLP
3150 Porter Drive
Palo, Alto CA 94304-1212
Tel: (650) 838-4372
Fax: (650) 838-4350

7

Email: mhindman@perkinscoie.com

James S. Miller (SBN 55524)
PERKINS COIE LLP
1201 Third Avenue, 49th Floor
Seattle, WA 98101
Tel: (206) 359-8000
Fax: (206) 359-9000
Email: jmiller@perkinscoie.com

*Attorneys for Defendants Dell Inc. and Dell Technologies Inc.*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendants complied with the meet and confer requirement in Local Rule CV-7(h). This motion is opposed.

*/s/ Shaun W. Hassett*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on February 12, 2024.

I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on February 12, 2024.

*/s/ Shaun W. Hassett*