# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| AX WIRELESS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DELL INC., et al,<br><br>    Defendants. | Case No. 2:22-cv-00277-RWS-RSP<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS DELL INC. AND DELL TECHNOLOGIES INC.'S DISCLOSURE OF DUNCAN KITCHIN**

Defendants Dell Inc. and Dell Technologies Inc. ("Dell" or "Defendants") submit this disclosure for Duncan Kitchin pursuant to Federal Rule of Civil Procedure 26(a)(2)(c). Although Dell expects to call Mr. Kitchin as a fact witness at trial, Dell provides the following expert disclosure in accordance with Federal Rule of Civil Procedure 26(a)(2)(c), as Mr. Kitchin has not been specifically retained or employed to provide expert testimony, and his employment does not regularly involve the giving of expert testimony. Mr. Kitchin may nevertheless provide testimony at trial regarding the following:

1. His educational and professional background, including his experience as a member of the IEEE 802.11 working and task groups, his work in semiconductor and Wi-Fi design at Intel and other companies, and his Masters and Bachelors of Science in Electrical Engineering from Durham University and the University of Cambridge.

2. The design and operation of Intel's wireless adapter products and Intel's work leading to those products.

1

3. The problems Intel was trying to solve and design challenges Intel faced in developing Intel's wireless adapter products.

4. The benefits resulting from Intel's design decisions and implementation related to Intel's Wi-Fi wireless adapter products.

5. Common knowledge and practices in the industry by persons of ordinary skill in the art regarding the claimed technology in the Asserted Patents.

6. Background concepts relating to Wi-Fi technology, including the basics of OFDM- and OFDMA and standards that pre-dated the effective filing date of the Asserted Patents.

7. The history, process, and composition of the 802.11ax standard.

8. The Wi-Fi Alliance and the process of, requirements for, and significance of Wi-Fi certification.

9. His opinion that the claims of the Asserted Patents do not read on the 802.11ax standard.

10. His opinion that the claims of the Asserted Patents do not read on Intel's Wi-Fi enabled products.

11. The differences and benefits of the 802.11ax Standard over, for example, prior art 802.11 standards, and how the approach of the Asserted Patents relates to those benefits.

12. The subject matter disclosed and described in the Asserted Patents.

13. Whether the elements of the claims involve well-understood, routine, and conventional activities or components previously known to the industry.

14. The lack of written description support in the Asserted Patents for the claimed inventions.

15. His opinion that the asserted claims of the Asserted Patents would have been obvious to a person of ordinary skill in the art and are thus invalid.