IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| AX WIRELESS LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:22-cv-00277-RWS-RSP |
| | § | |
| DELL INC. *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## **MEMORANDUM ORDER**

Before the Court is the Motion to Compel Expert Disclosure filed by Defendants Dell Inc. and Dell Technologies Inc. **Dkt. No. 166.** Plaintiff AX Wireless LLC opposed the Motion through a response brief. Dkt. No. 172. For the reasons discussed below, the Motion is granted in part.

### I.   LEGAL STANDARDS

(2) *Disclosure of Expert Testimony*.

> (A) *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> (B) *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—**if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony**. The report must contain:
>
>> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>>
>> (ii) the facts or data considered by the witness in forming them;
>>
>> (iii) any exhibits that will be used to summarize or support them;
>>
>> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

1

> > (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> >
> > (vi) a statement of the compensation to be paid for the study and testimony in the case.
>
> (C) *Witnesses Who Do Not Provide a Written Report*. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
> > (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
> >
> > (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2) (emphasis added).

Distinguishing retained from non-retained experts is a matter of "common sense." *DiSalvatore v. Foretravel, Inc.*, 2016 WL 7742996, at *2 (E.D. Tex. 2016). A retained expert witness is an expert who, without prior knowledge of the facts giving rise to litigation, "is recruited to provide expert opinion testimony." In contrast, a non-retained expert witness' testimony "arises not from his enlistment as an expert, but, rather, from his ground-level involvement in the events giving rise to the litigation." *Id.*; *Meier v. UHS of Delaware, Inc.*, 2020 WL 923952, at *8 (E.D. Tex. 2020) (Mazzant, J.). It is the offering party's burden to demonstrate that its experts are non-retained experts. *See Eagle Oil & Gas Co. v. Travelers Prop. Cas. Co. of Am.*, 7:12-CV-00133-O, 2014 WL 3744976, at *8 (N.D. Tex. July 30, 2014).

Even when a party properly characterizes an expert as non-retained, the party must still comply with Rule 26(a)(2)(C)'s disclosure requirement. As the Court has held on numerous occasions, "[w]hen a party fails to provide a meaningful 'summary of the facts and opinions' forming the basis of a [non-retained expert's] testimony, the disclosure is insufficient." *Avneri v. Hartford Fire Insurance Company*, 2017 WL 4517955, at *2 (citing *Motio, Inc. v. BSP Software LLC*, No. 4:12-CV-647, 2016 WL 74425, at *2 (E.D. Tex. Jan. 6, 2016)) (Mazzant, J.) ("The

2

requirements for non-retained witnesses are more lenient."). And "referral to depositions is not an adequate substitute for the summary required by Rule 26." *Motio*, 2016 WL 74425, at *2.

## II. ANALYSIS

Defendant seeks to compel a written expert report for Mr. Marcos Tzannes or a disclosure that provides the required fair notice of the opinions and underlying facts on which Mr. Tzannes may testify. Dkt. No. 166 at 2. In connection with these, Dell also seeks a follow-up deposition on the report or supplemented disclosures. *Id.* Dell's request is based on a November 16, 2023 disclosure of Mr. Tzannes as a fact witness and "an expert designated under Rule 26(a)(2)(C)." *Id.* This Motion arises out of the expert designation. *Id.* In summary, Defendant challenges the sufficiency of Plaintiff's expert disclosure pursuant to Rule 26(a)(2)(C) and asserts that the Rule 26(a)(2)(B) exception to written reports is inapplicable. *Id.* at 4, 6.

The timing of this motion is concerning. The disclosure was served on November 16, 2023. The Tzannes deposition was taken December 11, 2023. Fact discovery closed on February 12, 2024 and opening expert reports were due 3 days later. This motion was not filed until February 12, 2024. The only reason the Court does not conclude that Defendant's delay constitutes a waiver is the representation by counsel that he expected an expert report to be served by Tzannes, and filed this motion as soon as he learned that no report would be offered.

Plaintiff contends that Mr. Tzannes is a non-retained expert. Dkt. No. 172 at 2. Plaintiff asserts that Mr. Tzannes is a named inventor on the asserted patents and will only testify to "facts within his personal knowledge." *Id.* at 3. Whether Mr. Tzannes is retained is hard to discern here because he testified that he has a consulting agreement with the Plaintiff and was being compensated for all of his time spent on this case. However, as a named inventor, he is clearly entitled to offer the testimony set forth in numbered sections 1 – 6 and 9 of the disclosure. Dkt.

3

No. 166-1. The disclosure is sufficient as to those topics and any opinion testimony that might be inherent in them.

Sections 7 and 8 are different. Section 7 is the opinion "that the 802.11ax standard practices the claims of the Asserted Patents." This is a broad and complex opinion and is not something you would necessarily expect an inventor to have personal knowledge about. Section 8 is the opinion that "the asserted claims of the Asserted Patents are valid over the prior art and because they are sufficiently supported and enabled by their written description." This is a sweeping opinion and requires knowledge of the choices Defendant has made concerning elected prior art, not knowledge inherent to an inventor's role.

Considering both the nature of Mr. Tzannes' relationship with the Plaintiff and the nature of the opinions in Sections 7 and 8, the motion is granted in part to **order** that within 14 days Plaintiffs must either amend the disclosure to drop Sections 7 and 8, or serve a report from Mr. Tzannes more specifically setting out facts and opinions that underly those two sections, such that his testimony on those subjects will be constrained by the report.[1] If a report is served, Defendant will be permitted to take, on reasonable notice, a supplemental deposition of Mr. Tzannes not to exceed four hours.

Accordingly, having found that the disclosure is insufficient as to Sections 7 and 8, Dell's Motion to Compel is **GRANTED** in part as set forth above.

**SIGNED this 5th day of April, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff represents in brief that Mr. Tzannes "produced a claim chart he made showing the basis for his opinion" on Section 7. (Dkt. No. 172 at 4). The record has not allowed the Court to determine whether that chart accomplishes some of what is ordered herein.